## IN THE UNITED DISTRICT COURT FOR THE
## SOUTHERN DIVISION OF NEW YORK

| | |
|---|---|
| CITIBANK, N.A.<br>701 East 60th Street N,<br>Sioux Falls, SD 57104<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>SARAH E. MOFFETT<br>408 W. 8TH Street, Apt. 506<br>Kansas City, MO 64105<br><br>　　　　　　　　Defendant. | Case No.: |

## COMPLAINT

Plaintiff Citibank, N.A. ("Citibank" or "Plaintiff"), through counsel, files this complaint against defendant Sarah E. Moffett ("Defendant") and in support thereof states as follows:

## NATURE OF ACTION

1.　Citibank brings this action against Defendant for money damages resulting from Defendant's failure to repay a personal loan (the "Loan") in accordance with the terms set forth in the Revolving Credit Term Note ("Note") executed by Defendant in connection with the Loan. A true and correct copy of the Note is attached as **Exhibit A**.

## PARTIES

2.　Plaintiff is a federally chartered national bank organized and existing under the laws of the United States with a main office as set forth in its articles of association located in South Dakota at 701 East 60th Street N, Sioux Falls. Accordingly, Citibank is a citizen of South Dakota for diversity of citizenship purposes.

3.　Defendant is an individual who has a residential address of 408 W. 8th Street, Apt.

506, Kansas City, Missouri 64105.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

5. Defendant consented to the personal jurisdiction of this Court when signing the Note. *See* Ex. A ¶ 25.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant consented to jurisdiction in this Court. *See Id.*

## STATEMENT OF FACTS

7. On January 19, 2021, Citibank extended a loan to Defendant through a Revolving Credit Term Note in the original principal amount of $75,000.00. To memorialize this extension of credit and her payment obligation thereunder, Defendant executed the Note. *See* Ex. A.

8. Under the terms of the Note, Defendant agreed, among other things, to repay simple interest on all advances monthly beginning January 31, 2021. *Id.* at ¶ 5. Defendant further agreed to pay all principal and accrued interest on or before January 31, 2024 (the "Maturity Date"). *Id.* at ¶ 2.

9. Defendant failed to repay the Note as required, including by failing to repay all principal and interest by the Maturity Date, and Defendant has not made any payments on the Note since the Maturity Date.

10. The Note specifies that New York law governs. *Id.* at ¶ 24. The Note further specifies that Defendant irrevocably submits to the jurisdiction of this Court for the resolution of

any disputes. *Id.* at ¶ 25.

11. The Note identifies that a failure to make monthly interest payments as specified in the Note, and a failure to pay all outstanding interest and principal by the Maturity Date are events of default. Ex. A at ¶ 15.

12. After Defendant defaulted on the Note, Citibank made numerous good faith attempts to communicate with Defendant about the outstanding debt and to collect all sums due on the Loan.

13. By letter dated October 23, 2025, counsel for Citibank notified Defendant of her default (the "Default Letter").  A true and correct copy of the Default Letter is attached as **Exhibit B**.  The Default Letter recites that as of October 14, 2025, the amount due by Defendant was $87,252.64, consisting of principal in the amount of $75,000.00 and interest in the amount of $12,252.64. *See* Ex. B.

14. By signing the Note, Defendant promised to pay Citibank not only all sums due and owing for principal and interest, but also all of the costs incurred by Citibank in enforcing the Note, including, but not limited to, court costs, other expenses, and reasonable attorneys' fees. *See* Ex. A at ¶ 18. The Default Letter recited Defendant's obligation to pay Citibank's costs and expenses in enforcing the Note, including attorneys' fees. *See* Ex. B.

15. Defendant has not made any payment to Citibank on the Note since receiving the Default Letter, nor has she otherwise responded to the Default Letter.

16. Interest has continued to accrue under the Note and will continue to accrue until the date of judgment.

17. Defendant's obligation to Citibank on the Note as of December 5, 2025 was

$88,008.78, consisting of principal in the amount of $75,000.00 and interest in the amount of $13,008.78 at the note interest rate. Pursuant to the Note, Defendant is further obligated to pay Citibank its reasonable expenses, including attorneys' fees, to enforce the Note.

## **CLAIM FOR RELIEF**
### (Action on Note)

18. The allegations in paragraphs 1-17 are incorporated by reference herein.

19. Defendant has breached her obligation to re-pay the Note by failing to pay all sums due and payable.

20. Defendant's default is ongoing and has not been cured.

21. As a proximate result of Defendant's default under the terms of the Note, Citibank has incurred monetary losses in an amount to be determined at trial, or as a matter of law.

WHEREFORE, Citibank respectfully demands a judgment against Defendant for default on the Note, in an amount to be proven at trial or as a matter of law, of not less than $88,008.78, plus interest accruing under the Note after December 5, 2025, as well as all of Citibank's costs of enforcement, including but not limited to costs and attorneys' fees, and such other relief as the court deems just and proper.

Dated: December 9, 2025

Respectfully submitted,

By: */s/ Ana M. Blanco*
Ana M. Blanco
Ballard Spahr LLP
1675 Broadway, 19th Floor
New York, NY 10019-5820
(T): 212.223.0200
(F): 212.223.1942
blancoa@ballardspahr.com
*Attorney for Plaintiff*